**FILED**
**May 25, 2022**
**01:50 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **EBONI HARRIS,** | ) | **Docket No. 2021-05-1136** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 20643-2021** |
| **VANDERBILT UNIVERSITY** | ) | |
| **MEDICAL CENTER,** | ) | |
| **Employer.** | ) | **Judge Dale Tipps** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

The Court held an Expedited Hearing on May 17, 2022, to determine whether Ms. Harris is entitled to additional medical treatment, including reimbursement of unauthorized expenses, and temporary disability benefits. Based on the evidence presented, the Court cannot find she is likely to prove that her condition arose primarily out of her employment. For this and the other reasons below, the Court must therefore deny her request for benefits.

### History of Claim

Ms. Harris, a certified nursing assistant, slipped and fell while working for Vanderbilt University Medical Center on February 28, 2021. VUMC accepted the claim and provided medical treatment. She initially selected Vanderbilt's occupational medical clinic from a panel. Although this is a claim involving headaches, she initially received treatment for complaints of neck, back, shoulder, and arm pain.

Outside of her workers' compensation claim, Ms. Harris saw Dr. Nanette Dendy on April 6 to establish a primary care physician. Her history included an Arnold-Chiari malformation[1] that was surgically repaired in December 2019. Ms. Harris reported having headaches two or three times a day but said they were better since the surgery. Dr. Dendy prescribed Topiramate and told her to return in three months for an annual physical.

A few days later, Ms. Harris returned to the authorized occupational clinic and reported headaches that had worsened after the work accident. On April 15, the clinic

---

[1] A condition in which brain tissue extends into the spinal canal.

referred her for a neurological evaluation, and Ms. Harris selected Dr. Shilpi Mittal from a panel.

Dr. Mittal could not see Ms. Harris until July 27, and Ms. Harris continued to treat with Dr. Dendy while waiting for her neurology appointment. She testified that her claims representative, Christyl Baber, told her that VUMC would reimburse her for medications Dr. Dendy prescribed until she could see Dr. Mittal. VUMC filed a Rule 72 Declaration from Ms. Baber denying this allegation.

When Dr. Mittal finally saw Ms. Harris, she diagnosed intractable chronic migraine and chronic tension-type headaches. She increased the Topiramate dosage, prescribed Emgality, and ordered follow-up in four to six months.

Ms. Harris continued to treat with Dr. Dendy, who reduced her Topiramate dosage and changed the other prescriptions given by Dr. Mittal. The only time Ms. Harris returned to Dr. Mittal, in February 2022, the doctor ordered an occipital nerve block.

Ms. Harris sent a questionnaire to Dr. Mittal in March asking about her condition and treatment. Dr. Mittal stated her diagnosis as "prior chiari malformation, depression." Another question asked whether the workplace fall contributed more than 50 percent to causing a new injury, a need for treatment, or an aggravation of pre-existing condition. Dr. Mittal responded, "None of the above." Asked whether the treatment provided was medically reasonable, necessary, and primarily related to the work injury, Dr. Mittal checked "No" and added, "combination of work injury and pre-existing symptoms." She also confirmed that she never took Ms. Harris off work or assigned any temporary restrictions.

At the hearing, Ms. Harris requested reimbursement of her expenses for the treatment provided by Dr. Dendy. She also sought temporary disability benefits beginning with the date VUMC terminated her employment for attendance and performance deficiencies. She claimed the problems leading to her termination were caused by her work injury, the medication prescribed to treat the injury, and poor medical treatment provided by Dr. Mittal.

As noted above, VUMC initially accepted this claim as compensable. However, based on Dr. Mittal's response to Ms. Harris's questionnaire, it contended that she is not entitled to the requested benefits because she did not prove that her current condition was primarily caused by the workplace accident. It further argued that Ms. Harris is not entitled to medical expense reimbursement because the treatment provided by Dr. Dendy was not authorized, and she presented no evidence of the amount, reasonableness, or necessity of her expenses. Finally, VUMC maintained that, even if she established the compensability of her injury, it owes no temporary disability benefits because Ms. Harris offered no proof that any physician had taken her off work long enough to qualify for those benefits.

2

**Findings of Fact and Conclusions of Law**

Ms. Harris must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Ms. Harris must show that her alleged injuries arose primarily out of and in the course and scope of her employment. This includes the requirement that she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14).

In this case, the Court is presented with only one medical opinion addressing the cause of Ms. Harris's condition. Dr. Mittal said that the workplace fall did not contribute more than 50 percent in causing a new injury, a need for treatment, or an aggravation of pre-existing condition. Not only is Dr. Mittal's opinion presumed to be correct under Tennessee Code Annotated section 50-6-102(14)(E), but also it is unrebutted by any other medical proof. Therefore, the Court cannot find at this time that Ms. Harris is likely to prove her condition is work related.

Even if Ms. Harris were to prove compensability, the evidence presented at this hearing would not be sufficient to award the benefits she seeks.

Regarding the medical reimbursement request, the Court recognizes Ms. Harris's frustration and dissatisfaction with the timing and nature of the treatment provided by Dr. Mittal. However, the Court has no evidence to suggest that VUMC denied Ms. Harris an opportunity to return to Dr. Mittal or intentionally delayed her appointments, and it has no evidence to find that the doctor's treatment was medically insufficient. Without this proof, her decision to seek treatment with Dr. Dendy was not justified. For this reason, the Court finds Ms. Harris is unlikely to prove entitlement to reimbursement for that treatment.

Turning to Ms. Harris's request for temporary total disability benefits, she must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). She admitted she worked light duty until terminated, so she has no period of temporary total disability.

For temporary partial disability benefits, Ms. Harris must show that her treating

physician returned her to work with restrictions that VUMC either could not or would not accommodate. *Id*. at *8. She presented no medical proof of restrictions after her termination date. Therefore, she does not appear likely to prove entitlement to temporary partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Harris's claims against VUMC for medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on July 27, 2022, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED May 25, 2022.**

_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Documents attached to Employer's Notice of Filing Exhibits
2. Ms. Harris's May 6, 2022 Rule 72 Declaration (Identification Only)
3. Ms. Harris's February 28, 2022 Rule 72 Declaration
4. Dr. Mittal's questionnaire responses
5. Vanderbilt medical records
6. FMLA documents
7. Prescription information sheets (Identification Only)
8. Return to work form
9. November 1, 2021 FMLA approval letter
10. Occipital nerve block appointment messages
11. Request for Clarification of Medical Leave
12. Physical therapy appointment messages
13. MyHealth at Vanderbilt screenshot (Identification Only)
14. Summary of medical payments (Identification Only)

Technical record:
1. Petition for Benefit Determination

2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Request for Expedited Hearing
5. Employer's Motion to Exclude/Strike

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 25, 2022.

| Name | Certified Mail | Via Email | Service Sent To |
|------|----------------|-----------|-----------------|
| Eboni Harris | X | X | Ebonianderson95@gmail.com<br>906 Tal Lane<br>LaVergne, TN 37086 |
| Nathaniel Cherry, Employer's Attorney | | X | ncherry@howardtatelaw.com |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

      If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*